UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL A VASQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. BANK, N.A., et al.,<br><br>    Defendants. | Case No. 15-cv-02146-DMR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Defendants U.S. Bank, N.A. ("U.S. Bank"), Select Portfolio Servicing, Inc. ("SPS"), and National Default Servicing Corporation ("NDSC") move to dismiss Plaintiff Raul Vasquez's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket No. 7.] The court held a hearing on July 16, 2015. For the reasons stated below, Defendants' motion to dismiss is GRANTED and Vasquez's complaint is dismissed without leave to amend.

**I.  Background**

This case arises from the Defendants' initiation of foreclosure proceedings on Vasquez's home in 2014. On April 13, 2015, Vasquez filed a complaint against Defendants in San Francisco County Superior Court asserting claims for wrongful foreclosure, slander of title, quiet title, violation of California Business and Professions Code section 17200 *et seq.* (the Unfair Competition Law, or "UCL"), and declaratory relief. Defendants removed the case to federal court on May 13, 2015.

Vasquez makes the following allegations in his complaint, all of which are taken as true solely for purposes of this motion.[1]

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

On September 15, 2004, Vasquez recorded a deed of trust on real property at 1278 Thomas Avenue in San Francisco ("the property"). (Compl. ¶ 12; Ex. A (Deed of Trust).) The deed listed Argent Mortgage Company ("Argent") as the lender[2] and beneficiary and Town and Country Title Services, Inc. ("Town and Country") as the trustee. (Compl. ¶ 12; Ex. A.)

A substitution of trustee and assignment of deed of trust ("ADOT 1") was recorded in September 2008. U.S. Bank, as trustee of a real estate mortgage investment conduit (REMIC) loan pool trust, became the beneficiary of the deed of trust and Recontrust replaced Town & Country[3] as the trustee. (Compl. Ex. C.) In November 2010, Recontrust recorded a second substitution of trustee and assignment of deed of trust ("ADOT 2"). Vasquez alleges that ADOT 2 once again transferred the beneficial interest in the deed of trust from Argent to U.S. Bank, and substituted Recontrust as trustee. (Compl. ¶ 22.) NDSC was substituted as trustee for Recontrust in September 2014. (Compl. Ex. D at 3.)

Vasquez names three defendants. U.S. Bank is the trustee of the loan pool pursuant to the trust's Pooling and Service Agreement ("PSA"). (Compl. ¶ 2.) SPS is the loan servicer and the current trustee. (Compl. ¶ 3.) NDSC, the former trustee, has allegedly continued to work as an agent for U.S. Bank and SPS.[4] (Compl. ¶ 4; Ex. D at 3.)

On September 11, 2014, SPS and NDSC sent a notice of default to Vasquez. (Compl. ¶¶ 23-24; Ex. D.) In addition, NDSC filed a notice of trustee's sale, set for April 23, 2015. (Compl. ¶ 25; Ex. E.)[5]

---

(per curiam) (citation omitted).

[2] Vasquez calls Argent a "defendant," although Argent is not named as one. (*See* Compl. ¶ 12.) In 2008 Argent was acquired by Citibank, which is also not a defendant in this action. (Compl. ¶ 12.)

[3] Vasquez alleges that ADOT 1 substituted Recontrust in place of NDSC as trustee, (Compl. ¶ 15), but the actual document attached to the complaint shows that Recontrust replaced the original trustee, Town & Country. (Compl. Ex. C.)

[4] Elsewhere, Vasquez alleges that NDSC was the original trustee on the deed. (Compl. ¶¶ 3, 4, 24.) However, the deed of trust attached as Exhibit A to the complaint lists Town and Country as the trustee. (*See* Deed of Trust.) Vasquez does not explain this inconsistency.

[5] The pleadings do not state whether the trustee's sale has taken place.

In this lawsuit, Vasquez challenges the validity of ADOT 1 and ADOT 2. He asserts that these faulty transactions cast doubt on the soundness of the foreclosure proceedings. According to Vasquez, the loan pool closed on May 10, 2005, before ADOT 1 and ADOT 2 were executed and recorded. (Compl. ¶ 19.) Because those attempted transactions occurred after the loan pool's closing date in violation of the PSA, Vasquez alleges that his loan was improperly and illegally securitized, rendering void both ADOT 1 and ADOT 2. According to Vasquez, because ADOT 1 and ADOT 2 purported to transfer the beneficial interest in the loan to U.S. Bank, but both are void, U.S. Bank does not hold the beneficial interest in the deed of trust. As a result, all Defendants lack standing to foreclose on the loan because they have no valid security interest against the property. (Compl. ¶¶ 20, 21, 22, 30, 33.)

Vasquez further alleges that ADOT 1 and ADOT 2 are fraudulent and void due to "issues as to the actual execution" of the assignment documents. (Compl. ¶ 26.) He alleges on information and belief that Gary Nord signed ADOT 1 on behalf of Argent even though Nord worked for ReconTrust. (Compl. ¶ 27; Ex. C.) Vasquez similarly alleges on information and belief that Angelica Del Toro signed ADOT 2 on behalf of Argent even though Del Toro worked for ReconTrust. (Compl. ¶ 28; Ex. C.) As a result of the allegedly improper assignments, Defendants have no security interest against the property and lack standing to foreclose on Vasquez. (Compl. ¶ 30.)

All five of Plaintiff's causes of action rest on Plaintiff's assertion that ADOT 1 and ADOT 2 are void. Defendants now move to dismiss the complaint in its entirety.

## II. Legal Standards

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *id*. at 689 (citing *Mack v. S. Bay Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26. The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. Discussion

As previously noted, all five of Vasquez's causes of action rest on two theories. First, he asserts that the loan pool closed prior to the two attempted transfers of the security interest in his loan, which rendered ADOT 1 and ADOT 2 void. Second, he alleges that ADOT 1 and ADOT 2 are void due to improprieties in their execution because the signatories purported to sign on behalf of one entity, but were employed by another. Accordingly, the court addresses the viability of these two theories before examining each cause of action.

**A.    Plaintiff's Failed Securitization Theory**

Vasquez alleges that the loan pool closed and ceased accepting new assets in May 2005,

4

which is before Defendants recorded ADOT 1 (2008) and ADOT 2 (2010). ADOT 1 and ADOT 2 purported to transfer the deed of trust to U.S. Bank on behalf of the loan pool. As a result, Vasquez alleges that the loan was "improperly and illegally securitized" and the loan pool never obtained the beneficial interest in Vasquez's loan. (*See* Pl.'s Opp'n 1.) According to Vasquez, Defendants therefore lack standing or authority to institute foreclosure proceedings on the property since title to the loan was never properly transferred.

Borrowers commonly attack a lender's standing to foreclose by challenging irregularities in the securitization process, such as transfers occurring after a loan pool's closing date. Such challenges are almost universally dismissed. Both state and federal courts (including this court) have consistently held that borrowers, as third parties to PSAs, lack standing to rely on defects in the securitization process in order to challenge a foreclosing entity's authority to foreclose. *See, e.g., Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011) (holding third party to PSA lacks standing to challenge foreclosing entity's authority to foreclose); *Almuttareb v. Bank of N.Y. Trust Co., N.A.*, No. C 12-3061 EMC, 2012 WL 4371410, at *2 (N.D. Cal. Sept. 24, 2012) (noting that courts have "soundly rejected" argument that borrowers who were not parties to PSA have standing to challenge violations of agreements); *Hosseini v. Wells Fargo Bank, N.A.*, No. C-13-02066 DMR, 2013 WL 4279632, at *3 (N.D. Cal. Aug. 9, 2013) (holding plaintiffs lacked standing to challenge securitization process because they were not parties to securitization agreement).

While acknowledging the weight of authority, Vasquez urges the court to consider *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079 (2013), a rare case holding that the borrower had standing to challenge a foreclosure where the subject property had allegedly been transferred to a securitized trust after the trust had closed. Vasquez readily admits that *Glaski* is the only legal authority supporting his "failed securitization" theory. (*See* Pl.'s Opp'n 1.)

In *Glaski*, the plaintiff alleged that transfers of his deed of trust to a loan pool were void because the loan pool closed prior to the dates of the attempted transfers. 218 Cal. App. 4th at 1082. The court set forth its reasons for diverging from the general rule that third party borrowers lack standing to challenge deed assignments under California law. First, California law prohibits

5

third parties from challenging a "voidable" assignment of a deed.  The *Glaski* court interpreted this to mean that a third party could challenge an assignment if the alleged defects would void the assignment, rather than merely render it voidable.  *Id.* at 1094-95 (citing 7 Cal. Jur. 3d Assignments § 43 (2012)).  To support this proposition, the court cited *Reinagel v. Deutsche Bank National Trust Co.*, 722 F.3d 700, 705 (5th Cir. 2013), *reh'g denied*, 735 F.3d 220 (5th Cir. 2013), although in that case, the Fifth Circuit applied Texas law.  *Id.*

The *Glaski* court next examined New York trust law, which governed the trust at issue.  The court interpreted New York law to provide that a transfer made after a loan pool's closing date rendered the assignment void, not merely voidable.  The court found that the plaintiff made specific factual allegations about the post-close transfers, as distinguished from previous cases where plaintiffs had not supported their allegations about defects in the securitization process with sufficient facts.  *Id.* at 1097-1099 (citing *Gomes*, 192 Cal. App. 4th at 1156 (noting plaintiff failed to assert any specific factual basis for assignment failure allegation)).  For these reasons, *Glaski* held that the plaintiff could bring claims challenging a foreclosure "based on specific allegations that an attempt to transfer the deed of trust was void."  *Id*. at 1099.

To date, state and federal courts, including unpublished opinions by the Ninth Circuit, have soundly rejected *Glaski*'s holding that a third-party borrower may challenge the validity of a deed assignment.  These courts reject this theory because the borrower cannot allege any prejudice or harm resulting from a failed assignment.  *See, e.g., Keshtgar v. U.S. Bank, N.A.*, 172 Cal. Rptr. 3d 818, 822 (2014), *rev. granted and opinion de-published*, 334 P.3d 686 (Cal. Oct. 1, 2014)[6] (noting that *Glaski* relied on laws of other jurisdictions, but under California precedent, third party borrower lacks standing to challenge assignment absent showing of prejudice); *Boyce v. T.D. Serv.*

---

[6] The California Supreme Court recently granted review in *Keshtgar*, along with *Yvanova v. New Century Mortg. Corp.*, 172 Cal. Rptr. 3d 104 (2014), *rev. granted and opinion de-published*, 331 P.3d 1275 (Cal. Aug. 27, 2014) (rejecting *Glaski*'s argument that a third party borrower has standing to challenge an assignment), and *Mendoza v. JPMorgan Chase Bank, N.A.*, 175 Cal. Rptr. 3d 880 (2014), *rev. granted and opinion de-published*, 337 P.3d 493 (Cal. Nov. 12, 2014).  The briefing in *Yvanova* has not yet concluded and briefing in the other cases has been deferred pending the outcome of *Yvanova*.

*Co.*, 235 Cal. App. 4th 429, 437 (2014) ("Appellant is not the victim because his loan obligation remained unchanged."); *Miller v. JP Morgan Chase Bank, N.A.*, No. 5:13-CV-03192-EJD, 2014 WL 3921361, at *5 (N.D. Cal. Aug. 8, 2014) (holding that in the absence of allegations of prejudice, "borrowers do not have standing to complain about irregularities in the foreclosure process," including defects in the assignment of the deed of trust); *Moran v. GMAC Mortg., LLC*, No. 5:13-cv-04981-LHK, 2014 WL 3853833, at *4-5 (N.D. Cal. Aug. 5, 2014) (holding that borrower lacks standing to challenge foreclosing entity's authority because PSA violation would not change borrower's payment obligation). "No prejudice exists where the borrower is in default and cannot show that the allegedly improper assignment interfered with the borrower's ability to pay or that the original lender would not have foreclosed under the circumstances." *In re Turner*, 2015 WL 3485876, at *10 (B.A.P. 9th Cir. June 2, 2015) (collecting cases).

For these reasons, courts in the Northern District have consistently rejected or declined to follow *Glaski*. *See, e.g., Miller*, 2014 WL 3921361, at *5 (stating Northern District courts have "expressly rejected" *Glaski*); *Giseke v. Bank of Am., N.A.*, No. 13-04772 JST, 2014 WL 718463, at *3 (N.D. Cal. Feb. 23, 2014) ("To the best of the Court's knowledge, no court has yet followed *Glaski* . . . and many have pointedly declined to."); *Zapata v. Wells Fargo Bank, N.A.*, No. C 13-04288 WHA, 2013 WL 6491377, at *2 (N.D. Cal. Dec. 10, 2013) (*Glaski* is in "clear minority" and every Northern District court found it "unpersuasive and not binding authority").

More importantly, the Ninth Circuit, in unpublished decisions, has twice declined to follow the *Glaski* holding that a third party borrower has standing to challenge a failed deed assignment. In *In re Davies*, 565 Fed. App'x 630, 633 (9th Cir. 2014), the court held that the plaintiff, as a non-party to the loan pool PSA, did not have standing to challenge violations of the agreement. The court acknowledged *Glaski* but noted that "the weight of authority" in federal and state courts supported its conclusion that a party has no standing to challenge a violation of the PSA. *Id.* Finally, the panel stated its belief that the California Supreme Court would rule the same way and reject *Glaski* when given the opportunity.[7] *Id.*

---

[7] As stated in footnote 5, three appeals are now pending before the California Supreme Court.

7

More recently, in *Hunt v. U.S. Bank, N.A.*, 593 Fed. App'x 730, 731 (9th Cir. 2015), the court expressly rejected *Glaski* in concluding that borrowers lack standing to challenge the authority of the foreclosing entity based on alleged improprieties in the securitization process. Thus, as of now, the Ninth Circuit has twice considered *Glaski*, twice declined to follow it, and twice criticized its reasoning.[8]  *See also Enriquez v. Bank of Am., N.A.*, No. C-15-0940 MMC, 2015 WL 2411719, at *2 (N.D. Cal. May 20, 2015) (relying on *Hunt* and *Davies* to reject plaintiffs' theory of failed transfers of the deed of trust due to problems with securitization).

Here, Vasquez does not allege that he was a party to the PSA or that the alleged post-close transfers of the deed of trust prejudiced his ability to fulfill his loan obligation, nor does he dispute that he is in default. For the reasons enumerated above, *Glaski*'s analysis of a third party borrower's standing to challenge deed transfers is flawed, and this court declines to follow it.[9] Accordingly, Vasquez lacks standing to challenge alleged improprieties in the securitization process and his claims premised on this theory must be dismissed.

## B.     Plaintiff's "Fraudulent Signing" Theory

Vasquez's second theory offers an alternative basis for each of his causes of action. He alleges that ADOT 1 and ADOT 2 are fraudulent and void due to "issues as to the actual execution" of the documents. (Compl. ¶ 26.) Vasquez alleges on information and belief that

---

[8] An appeal pending before the Ninth Circuit asks that court to hold that *Glaski* is governing California appellate law when a plaintiff points to specific factual allegations that render an assignment void. The briefing has not yet been completed. *See Nan Hui Chen*, 2014 WL 6668785, *appeal docketed*, No. 15-15044 (9th Cir. Jan. 12, 2015).

[9] The trust in the instant matter is governed by Delaware law, (Compl. ¶ 20), not New York law, as was the trust at issue in *Glaski*. Because this court declines to follow *Glaski* for the reasons stated below, it need not consider whether an attempted post-closing transfer voids the assignment under Delaware law. Moreover, courts in this district have criticized *Glaski*'s interpretation of New York trust law. In *Moran*, the court rejected *Glaski*, finding that New York state appellate courts have consistently held that post-close transfers render an assignment voidable, but do not void them. 2014 WL 3853833, at *5; *see also Banares v. Wells Fargo Bank, N.A.*, No. C-13-4896 EMC, 2014 WL 985532, at *4 (N.D. Cal. Mar. 7, 2014) (collecting New York state cases rejecting the "void" conclusion). In fact, *Glaski*'s interpretation of New York trust law was rejected by the Second Circuit last year. *See Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F. 3d 79, 90 (2nd Cir. 2014) (interpreting applicable statute to conclude that unauthorized acts by trustee render assignment voidable, not void).

Gary Nord signed ADOT 1 on behalf of Argent Mortgage Company, even though Nord was working for ReconTrust. (Compl. ¶ 27.) In addition, Vasquez alleges on information and belief that Angelica Del Toro signed ADOT 2 on behalf of Argent, even though Del Toro was working for ReconTrust. (Compl. ¶ 28.) Thus, Vasquez argues, both ADOT 1 and ADOT 2 are void due to fraud, and Defendants have no security interest in the property or standing to foreclose on Vasquez. (Compl. ¶¶ 27, 28, 33.)

Generally, courts in this district have held that plaintiffs lack standing to contest the validity of signatures on assignment documents unless they can allege prejudice resulting from it. For example, in *Bennett v. Wells Fargo Bank, N.A.*, No. CV 13-01693-KAW, 2013 WL 4104076, at *6 (N.D. Cal. Aug. 9, 2013), the court articulated the Northern District's "prevailing view" that plaintiffs do not have standing to contest the validity of signatures on assignment documents because they are harmed by their own defaults on their mortgage obligations, not by fraudulent assignments. *See also Carollo v. Vericrest Fin., Inc.,* 11-CV-4767 YGR, 2012 WL 4343816, at *3 (N.D. Cal. Sept. 21, 2012) ("[A] homeowner-plaintiff does not suffer an injury as a result of the assignment of deed of trust, even if the assignment was fraudulent. Accordingly, the homeowner-plaintiff lacks standing to complain.").

Vasquez's vague contention that "good title cannot be based on fraud" does not change the equation. (Pl.'s Opp'n 2.) Vasquez cites *6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.*, 85 Cal. App. 4th 1279, 1287 (2001), which noted that "courts have power to vacate a foreclosure sale where there has been fraud in the procurement of the foreclosure decree." *6 Angels* is easily distinguished because it concerned a mistaken price at a trustee's sale, not a borrower's standing to challenge the authority of a foreclosing entity. Moreover, the *6 Angels* court did not vacate the sale.

Vasquez also cites *Bank of America, N.A. v. LaJolla Group II*, 129 Cal. App. 4th 706 (2005), but that case is inapposite because it concerned a mistaken sale after the homeowners tendered payment to the beneficiary to reinstate the loan. *Id.* at 710. The court held that the sale was void because the borrowers' default had been cured prior to the sale. *Id.* at 712. Here, unlike the borrower in *LaJolla*, Vasquez has not cured his default.

9

Vasquez does not allege that the allegedly invalid signatures on the assignment documents prejudiced his ability to fulfill his loan obligations or otherwise caused him harm. As a result, any claims premised on this theory must be dismissed.

**C.     Plaintiff's Causes of Action**

   **1.     Wrongful Foreclosure**

Vasquez's first cause of action for wrongful foreclosure is based upon an alleged violation of California Civil Code Section 2924(a)(6). That statute provides:

> No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest.

Cal. Civ. Code § 2924(a)(6). This claim is premised on Vasquez's theory that Defendants lack standing to foreclose due to either failed securitization or fraudulent assignment documents. (Compl. ¶¶ 30-33.) For the reasons described above, this claim cannot proceed and must be dismissed.

Although "leave to amend should be freely granted when justice so requires," *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), the court may deny leave to amend if amendment would be futile. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010). At the hearing, Vasquez's counsel admitted that unless the court follows *Glaski*, amendment of his claims based upon his securitization theory would be futile because he cannot allege prejudice resulting from the defects in the securitization process. Vasquez also admitted that amendment of his claims based on invalid signatures on the assignment documents would be futile because he cannot allege prejudice resulting from those invalid signatures. As already stated, this court will not follow *Glaski*. Therefore, Vasquez's wrongful foreclosure claim is dismissed with prejudice.

   **2.     Slander of Title, Quiet Title, and Declaratory Relief**

Vasquez's second cause of action alleges that U.S. Bank, through its foreclosure proceedings, has slandered Vasquez's title to the property. Vasquez's third cause of action seeks to quiet title against U.S. Bank, alleging that Vasquez alone holds title to the property. Each claim

10

1  is premised upon the notion that U.S. Bank has no interest in the Property because ADOT 1 and
2  ADOT 2 are void. (Compl. ¶¶ 35, 39.) Similarly, Vasquez's fifth cause of action, for declaratory
3  relief, seeks a declaration that ADOT 1 and ADOT 2 are "defective and therefore void." (Compl.
4  ¶ 50.) These causes of action are all premised on the same two theories discussed above. For the
5  same reasons, Vasquez has not suffered prejudice and therefore lacks standing to bring claims
6  based on those theories, and leave to amend would be futile. Therefore his slander of title, quiet
7  title, and declaratory relief causes of action are dismissed with prejudice.

### 3.  Unfair Competition Law Claim

Vasquez's fourth cause of action, against both U.S. Bank and SPS, is for violation of the UCL. The UCL prohibits unfair competition, which is defined as, *inter alia*, "any unlawful, unfair or fraudulent business act or practice… and any act prohibited by Business and Professions Code section 17500." Cal. Bus. & Prof. Code § 17200. Vasquez alleges that Defendants engaged in fraudulent business practices by fraudulently claiming title to the property and threatening to foreclose on the property. (Compl. ¶¶ 45, 47.) Vasquez also alleges on information and belief that Defendants violated other consumer protection statutes. (Compl. ¶ 46.) This claim is premised solely on the same two theories previously analyzed. For the reasons described above, Vasquez lacks standing to bring claims based on those theories, and leave to amend would be futile. Therefore Vasquez's unfair competition law claim is dismissed with prejudice.

### IV.  Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and Plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED.

Dated: September 2, 2015



Donna M. Ryu
United States Magistrate Judge